**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

v.                                                            Case No.: 6:22-cr-97-CEM-LHP

**KIRK MICHAEL LOHR**
_____/

**MOTION TO DISMISS INDICTMENT OR, IN THE ALTERNATIVE,
MOTION FOR BILL OF PARTICULARS**

   The Defendant, Kirk Michael Lohr, by and through the undersigned attorney, pursuant to Federal Rules of Criminal Procedure 7(F) and 12 in addition to the Fifth and Sixth Amendments to the Constitution of the United States moves this Court to dismiss the indictment in the above-captioned prosecution for failure to notify the accused of the charges to be defended against with sufficient detail to prepare for trial or bar prosecution in violation of double jeopardy and to establish this Court's jurisdiction. In the alternative, to order the government to file a bill of particulars as to the issues set forth in this motion. In support of this motion, Mr. Lohr states as follows:

   1. Mr. Lohr has been charged in Count One of the Indictment in the above-captioned prosecution with violating 18 U.S.C. §2251(a) and (e). The Indictment states:

> "On or about March 13, 2020, in the Middle District of Florida and elsewhere, the defendant, Kirk Michael Lohr, did employ, use persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice, and

coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mail, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer. Doc. 1.

2. Count Two states:

"On or about September 26, 2021, in the Middle District of Florida and elsewhere, the defendant, Kirk Michael Lohr, did employ, use persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mail, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer. In violation of 18 U.S.C. §2251(a) and (e). Doc. 1.

3. Count Three states:

"On or about December 4, 2021, in the Middle District of Florida and elsewhere, the defendant, Kirk Michael Lohr, did employ, use persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mail, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer. In violation of 18 U.S.C. §2251(a) and (e). Doc. 1.

4. Count Four states:

"On or about February 16, 2022, in the Middle District of Florida and elsewhere, the defendant, Kirk Michael Lohr, did knowingly possess materials that contained images of child pornography, that had been shipped, and transported using any means and facility of interstate and foreign commerce, and had been shipped and transported in and

    affecting interstate and foreign commerce by any means, including by computer, and were produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer and the depiction involved a prepubescent minor and a minor who had not attained 12 years of age. In violation of 18 U.S.C. §2252A(a)(5)(B) and (b)(2). Doc. 1.

  5. The Indictment in this case is so vague that it fails to notify the accused of the charges to defend himself against and does not enable the accused to ensure that this prosecution or future prosecutions that may result aren't in violation of the bar against being twice placed in jeopardy for the same offense or series of offenses as it does not state with specificity on which image it tends to rely to support the charges in count one through three.

  6. According to discovery, agents of the Brevard County Sheriff's Office allegedly obtained at least 699 files containing numerous images of child pornography in this case. Many of the images are alleged to be identifiable with meta data including name of the image, created date, modified date, changed date, capture time, etc. Many of the images allegedly share the same dates that have been charged in the indictment as on or about March 13, 2020, September 26, 2021, and December 4, 2021. The Defendant is prejudiced in his ability to defend himself against the charges without specific identifying information of the image the government intends to rely upon at trial for that charge. Such a vague and wholly insufficient indictment fails to provide constitutional safeguards. Should Mr. Lohr plea as charged, enter into an agreement with the government, or exercise his right to trial, he could easily be placed in jeopardy

in the future for the same image without greater specificity as to the image he is alleged to have produced. Further, Mr. Lohr would be prejudiced in his ability to formulate a defense to the image he is alleged to have produced without specificity as to the image, greater than the "on or about" date.

7. It has long been established that a bill of particulars cannot save an invalid indictment. *U.S. v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979). If a bill of particulars were permitted to fill in the gaps of an insufficient indictment, the role of the grand jury as intervenor would be circumvented and the Government could insert whatever assumptions it would like to make as to the missing information. *Id*. For similar reasons, "open file" discovery provided to the Defendant by the Government cannot cure and invalid indictment. *Id*. Aside from the "on or about date" and tracking the language of the statutes in setting out the elements of the offenses, the indictment in the instant case fails to state any other facts that would permit the Defendant to defend himself against having produced or possessed a particular image.

## MEMORANDUM OF LAW

An indictment will only pass constitutional muster if it, first contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to protect himself from future prosecutions for the same offense. *U.S. v Harrell* 737 F. 2d 971 (11th Cir. 1984).

"An indictment is sufficient "if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against

double jeopardy for any subsequent prosecution for the same offense." *U.S. v. Steel*, 178 F. 3d 1230 (1999). "In determining whether an indictment is sufficient, we read it as a whole and give it a 'common sense construction.'" *U.S. v. Schmitz*, 634 F.3d 1247(11th Cir. 2011) (citing to *United States v. Gold*, 743 F.2d 800, 813 (11th Cir. 1984) and *United States v. Marham*, 537 F.2d 187, 192 (5th Cir. 1976.). "In other words, the indictment's 'validity is to be determined by practical, not technical, considerations.'" *U.S. v. Schmitz*, 634 F.3d 1247(11th Cir. 2011) (citing to *United States v. Jordan*, 582 F.3d 1239, 1245 (citing Gold, 743 F.2d at 812)).

"Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *United States v.* Hess, 124 U.S. 483, 487 (1888). Counts One, Two, and Three are too vague to satisfy the Defendant's Sixth Amendment guarantee to be informed of the government's accusation against him, fails to sufficiently allege the jurisdiction of this Court by adequately describing the specific image he is alleged to have produced, and violates the Defendant's right to due process afforded by the Fifth Amendment to the U.S. Constitution.

## CONCLUSION

WHEREFORE, Mr. Lohr respectfully requests that the Court dismiss the Indictment in the above-captioned prosecution or, in the alternative, order the

government to issue a bill of particulars as to the issues set forth in this motion.

A. FITZGERALD HALL
FEDERAL DEFENDER

s/ Erin Brenna Hyde
Erin Brenna Hyde, Esq.
Florida Bar No. 026248
201 North Orange Avenue
Suite 300
Orlando, Florida 32801
Telephone No. 407-648-6338
Facsimile No. 407-648-6095
E-Mail: erin_hyde@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that undersigned electronically filed the foregoing *Motion to Dismiss Indictment Or, In The Alternative, Motion for Bill of Particulars* with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to Ranganath Manthripragada, Assistant United States Attorney, this 9th day of August, 2022.

/s/ Erin Brenna Hyde
Erin Brenna Hyde
Assistant Federal Defender
