AF Approval ___NA___                    Chief Approval ___CB___

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                        Case No. 6:22-cr-97-CEM-LHP

KIRK MICHAEL LOHR

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Kirk M. Lohr, and the attorney for the defendant, Erin Hyde, Esq., mutually agree as follows:

**A.**   **Particularized Terms**

1.   Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and Two of the Indictment.  Counts One and Two charge the defendant with production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e).

2.   Minimum and Maximum Penalties

Counts One and Two are each punishable by a mandatory minimum term of imprisonment of 15 years and up to 30 years, a fine of not

Defendant's Initials  *KL*

more than $250,000, a term of supervised release of 5 years up to life, and a special assessment of $100, per count of conviction.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

In addition, the Court shall impose an additional special assessment, pursuant to 18 U.S.C. § 2259A, of not more than $50,000 on any person convicted of any offense for production of child pornography.

Defendant's Initials  K L                    2

3. <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Counts One and Two are:

<u>First</u>: An actual minor, that is, a real person who was less than 18 years old, was depicted;

<u>Second</u>: Defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

<u>Third</u>: the visual depiction was produced using materials that had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer.

4. <u>Counts Dismissed</u>

At the time of sentencing, the remaining counts against the defendant, Counts Three and Four, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the

Defendant's Initials  K L                     3

United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.     <u>Mandatory Restitution to Victims of Offenses of Conviction</u>

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offenses for the full amount of the victims' losses as determined by the Court.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

7.     <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials  K L                    4

8.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and if no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this plea agreement including, but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _K L_                    5

9.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: an Apple iPhone 7; an Apple iPhone X; and a Lenovo ThinkPad laptop computer, which assets were seized from the defendant on February 16, 2022, and which were all used to commit the offenses charged in Counts One and/or Two.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.  The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

Defendant's Initials  KL                    6

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete

Defendant's Initials  KL

7

information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant

Defendant's Initials  K L                    8

up to the value of any property described above.  The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

Defendant's Initials _KL___                    9

10. <u>Abandonment of Property - Computer Equipment</u>

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Homeland Security Investigations (HSI) or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty.  As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs HSI, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of: one Apple iPhone 7; one Apple iPhone X; and one Lenovo ThinkPad laptop computer.

Defendant's Initials **KL**                    10

11.     Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

B.      **Standard Terms and Conditions**

1.      Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses

Defendant's Initials  K L                11

described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied. On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _KL_                    12

3.     Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon

conviction, a defendant who is not a United States citizen may be removed

from the United States, denied citizenship, and denied admission to the

United States in the future.

4.     Sentencing Information

The United States reserves its right and obligation to report to the

Court and the United States Probation Office all information concerning the

background, character, and conduct of the defendant, to provide relevant

information, including the totality of the defendant's criminal activities, if any,

not limited to the counts to which defendant pleads, to respond to comments

made by the defendant or defendant's counsel, and to correct any

misstatements or inaccuracies.  The United States further reserves its right to

make any recommendations it deems appropriate regarding the disposition of

this case, subject to any limitations set forth herein, if any.

5.     Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.

32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

States Attorney's Office within 30 days of execution of this agreement an

affidavit reflecting the defendant's financial condition.  The defendant

Defendant's Initials  K L                   13

promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this plea agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to, nor bound by this agreement.  The Court may accept or reject the agreement,

Defendant's Initials  *K L*            14

or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make about the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.   <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground

Defendant's Initials _K L_                   15

that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.   <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.   <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

Defendant's Initials  _KL_                    16

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant

Defendant's Initials  KL          17

pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials  _K L_              18

13.   <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 21st day of ~~November~~ December 2022.

ROGER B. HANDBERG
United States Attorney

_____
Kirk Michael Lohr
Defendant

_____
Ranganath Manthripragada
Assistant United States Attorney

_____
Erin Hyde, Esq.
Attorney for Defendant

_____
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

Defendant's Initials _KL_                    19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                         CASE NO. 6:22-cr-97-CEM-LHP

KIRK MICHAEL LOHR

PERSONALIZATION OF ELEMENTS

Counts One and Two:

| | |
|---|---|
| First: | On or about March 13, 2020, and September 26, 2021, did you use an actual minor child, who was less than the age of 18, for the purpose of producing a visual image? |
| Second: | Did you employ, use, persuade, induce, entice, or coerce the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct? |
| Third: | Was the visual depiction produced using materials that had been mailed, shipped or transported in interstate or foreign commerce, in this case an Apple iPhone 7 or an Apple iPhone X, that was manufactured in China? |

Defendant's Initials _KL_                    20

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:22-cr-97-CEM-LHP

KIRK MICHAEL LOHR

## FACTUAL BASIS

On February 16, 2022, the Brevard County Sheriff's Office received a Priority 1 cyber-tip from National Center for Missing and Exploited Children (NCMEC). The cyber-tip had originated from Yahoo, who detected child pornography (CP) being sent between two email accounts. Subsequent deep-dive analysis by NCMEC led to the identification of the defendant Kirk Michael Lohr (Lohr), who sent the CP images between two email accounts that he controlled.

A further determination was made that the victim was likely related to Lohr and that he may still have access to the child. The cyber-tip sent to the Brevard County Sheriff's Office had some very specific personal information identifying the source of the child pornography. The Brevard County Sheriff's Office had Lohr's name, his date of birth, a verified residential address and a phone number, along with the email addresses from which, and to which, the CP had been emailed.

Defendant's Initials _KL_                    21

Upon receipt of the tip, HSI Taskforce Agents (HSI-TF) immediately applied for and received a search warrant for Lohr's residence, which is located on Merritt Island, in the Middle District of Florida. Lohr answered the agent's knock and agreed to answer some questions at his doorstep. Lohr confirmed his identity, and confirmed the email addresses and telephone number that were identified in the cyber-tip as belonging to him. He also told the agents that he did associate with people online who would send him images of children.

When it became clear that the agents were about to enter the home to execute the search and had the legal authority to do so, Lohr turned and ran into the home. The agents gave chase and caught up with him as he entered a back bedroom. Lohr was very agitated and had to be restrained. Agents saw that Lohr's Lenovo ThinkPad laptop was open and images of child pornography were clearly visible on the laptop's screen. Four of these images depicted a close-up of a prepubescent female child's vagina. A fifth image depicted a female minor child inserting her finger into her anus. That fifth image was one of the images from the NCMEC cyber tip and was of CV1, a minor child related to Lohr over whom he had custody or control at the time the image was created.  The images which serve the basis for Counts One and Two were also found stored on the defendant's laptop.

Defendant's Initials __ICL__          22

The iPhone X seized from Lohr on February 16, 2022, was analyzed; in addition to CP images and videos, the relevant findings are that he took photographs of CV1 using his iPhone X.  There were also two images found on the phone that shows Lohr with CV1's panties pulled over his face, with the crotch covering his mouth and nose. There is another similar image with the crotch area of CV1's panties tucked inside his mouth. CV1's father viewed the images and can identify Lohr in them and can also identify the panties as belonging to CV1.

The analysis also confirmed CP images that depicted CV1. On March 13, 2020, at 8:57 PM, Lohr captured a CP image of CV1 using an Apple iPhone 7, that was saved on his iPhone X. The image is identified as File Name: A4788E79-53EA-401B-8B70-BCB71831DF8E_embedded_1.jpgIMG_0762 and is described below. This image forms the basis for Count One.

This image shows CV1 wearing a purple dress/night gown which is pulled up, exposing her lower torso. CV1's legs are spread and her vagina is exposed to the camera. CV1 appears to be sitting on a couch, with her left hand under her buttocks. CV1's fingers are extended and are on her vaginal/anal area. The focus of the camera is on CV1's vagina. Meta data attached to this image revealed the following:

Defendant's Initials  KL                    23

Camera Make: Apple

Camera Model: iPhone 7

Capture Time: 3/13/2020 8:57:00 PM

Geo Location: XXX XXXXXXX Ave, Merritt Island, FL (CV1's home).

On September 26, 2021, from 12:21:59 hours to 12:22:05 hours, a total of two images of CV1 were saved on Lohr's iPhone X. Image two, which was captured by Lohr, is CP; this image is the basis for Count Two and is described below: File Name: C3A564AE-B20F-4EAA-91ABA6A83F7934C6_embedded_1.jpg. The image shows CV1 from behind. She is wearing red pajamas with the word "Joy" visible in the photo. The letter "O" of the word Joy is a Christmas ornament design. She is wearing white underwear with a design, and her shirt pulled up. CV1's pajama bottoms and underwear are being pulled away from her body by a man's hand. The man's left index finger is extended and he is pushing his finger between the CV1's buttocks and against her anus. The following meta data is attached to the photo:

Camera Make: Apple

Camera Model: iPhone X

Capture Time: 9/26/2021 12:22:05 AM

Defendant's Initials  *KL*          24

Geo Location: XXX XXXXXXX Ave, Merritt Island, FL 32952 (CV1's residence)

The Apple iPhones used by Lohr to produce the child pornography in this case were not manufactured in Florida, but rather were manufactured in China.

Defendant's Initials _KL_                    25